**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-20447-BLOOM/Elfenbein**

U.S. CAPITAL GLOBAL
INVESTMENT MANAGEMENT,
LLC, a limited liability company,

   Plaintiff,

v.

HERRING IMMING, LLP, a
limited liability partnership,
RUSTON T. IMMING,
individually, and MARIA
SWEENEY, individually,

   Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT AND MOTION TO STRIKE PRAYER FOR ATTORNEY'S FEES**

**THIS CAUSE** is before the Court upon Defendants Herring Imming, LLP, Ruston

Imming, and Maria Sweeney's ("Defendants") Motion to Dismiss Plaintiff's Complaint with

Prejudice and Motion to Strike Prayer for Attorney's Fees ("Motion"), ECF No. [7]. Plaintiff U.S.

Capital Global Investment Management, LLC, filed a Response in Opposition, ECF No. [10], to

which Defendants filed a Reply, ECF No. [17]. The Court has carefully reviewed the Complaint,

the Motion, the Response, the Reply, the record of the case, the applicable law, and is otherwise

fully advised. For the reasons set forth below, Defendants' Motion is granted.

## I.  BACKGROUND

This case involves a Notice of Levy issued to enforce a judgment for attorney's fees entered

in a California marital dissolution action ("Dissolution Action") between Defendant Maria

Sweeney and her husband, Jeffrey Sweeney. In the Complaint, Plaintiff alleges Defendants

improperly issued the levy to enforce the judgment against Jeffrey Sweeney, and Plaintiff's financial account was frozen. ECF No. [1-2]. Defendant Ruston Imming is a partner at Herring Imming, LLP, the law firm that represents Maria Sweeney in the Dissolution Action. *Id.* ¶¶ 8, 10.

On May 19, 2025, the Santa Barbara Superior Court of California entered a judgment ordering Jeffrey Sweeney to pay Maria Sweeney's attorney's fees and costs totaling $358,287.00 incurred in the Dissolution Action. *Id.* ¶ 14. Ruston Imming, with the knowledge and approval of Maria Sweeney, caused Herring Imming, LLP, to file a Notice of Levy in the Santa Barbara Superior Court of California as a "pretext" to levy any and all accounts in the name of Jeffrey Sweeney at the Banc of CA. *Id.* ¶ 15. Plaintiff alleges Defendants were aware that the accounts identified in the Notice of Levy included accounts that were not in Jeffrey Sweeney's name, and, as a result, the levy was executed on an account in Plaintiff's name. *Id.* ¶¶ 16-17. Plaintiff contends Defendants were aware that they have no right to "levy, diminish, obstruct, or collect" from an account held by Plaintiff but proceeded to file and execute the levy. *Id.* ¶ 17. Defendants knew or should have known that issuing the levy would cause damage to Plaintiff because the bank would freeze all financial assets until there was a resolution. *Id.* ¶¶ 20-21. Plaintiff asserts Defendants intentionally served the levy on Plaintiff "for the purpose of damaging that business for their own personal unjust and outrageous benefit and gain." *Id.* ¶ 23. Plaintiff, as a direct and intended cause of Defendants' actions, was damaged because its accounts were frozen causing client confusion, reputational harm, and damage to Plaintiff's banking relationship. *Id.* ¶ 25.

Plaintiff filed its Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, asserting one count of negligence under Florida law against Defendants. ECF No. [1-2]. Plaintiff contends that Defendants had a duty of care to properly execute the levy on accounts only in the name of Jeffrey Sweeney. Plaintiff alleges Defendants

each breached that duty by causing the levy to be executed on Plaintiff's financial account, and Defendants' actions proximately caused damage to Plaintiff. *Id.* ¶¶ 27-30. Plaintiff requests "all legal and equitable relief available including special damages including attorney fees and costs, and compensatory damages in the minimal amount of $5,000,000.00." *Id.* at 5.

Defendants timely filed a Notice of Removal asserting this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] ECF No. [1]. Defendants thereafter filed the instant Motion to Dismiss the Complaint for failing to state a claim upon which relief can be granted, immunity from suit under Florida's litigation privilege, and have moved to strike Plaintiff's request for attorney's fees. ECF No. [7].

## II.     LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations

---

[1] The parties do not contest this Court's jurisdiction. Plaintiff is an LLC incorporated in Delaware that does "substantial business" in Miami-Dade County, Florida. ECF Nos. [1] ¶ 6, [1-2] ¶¶ 1, 5. Defendant Herring Imming, LLP, is incorporated in California with its principal place of business in California. ECF Nos. [1] ¶ 8, [1-2] ¶¶ 2. Defendants Ruston Imming and Maria Sweeney are California residents. ECF Nos. [1] ¶ 7, [1-2] ¶ 3. Plaintiff's requested relief exceeds $75,000. ECF No. [1-2] at 5. Thus, this Court has subject-matter jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff asserts Florida's long-arm statute establishes personal jurisdiction over Defendants because they committed a tortious act against Plaintiff, which caused injury in Florida, where Plaintiff does substantial business. ECF No. [1-2] ¶ 5. Defendants do not contest personal jurisdiction. *See generally* ECF Nos. [1], [7], [17].

must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

## III.  DISCUSSION

### A.  Consideration of Extrinsic Documents

As an initial matter, the parties contest whether the Court may consider the exhibits attached to Defendants' Motion to Dismiss. Defendants attached the Santa Barbara Superior Court of California's Order After Hearing that ordered Jeffrey Sweeney to pay Maria Sweeney's attorney's fees ("Order After Hearing"), ECF No. [7-2], the Notice of Levy Under Writ of Execution (Money Judgment) ("Notice of Levy"), ECF No. [7-3], the Judgment entered against Jeffrey Sweeney in the amount of the attorney's fees owed ("Judgment"), ECF No. [7-4], and a Memorandum of Garnishee from Banc of California, ECF No. [7-5]. Plaintiff argues that

consideration of those documents at the motion to dismiss stage is improper and if the Court does consider those documents, the Motion to Dismiss must be converted to a Motion for Summary Judgment. ECF No. [10] at 6. Plaintiff does not contest the validity of any of the documents. *See generally id.*

In considering a Rule 12(b) motion to dismiss, the Court is ordinarily limited to the facts contained in the complaint and attached exhibits. *See Thaeter*, 449 F.3d at 1352. However, it is well-settled that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *see also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) (noting that "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered").

Here, Plaintiff's claim arises from the allegation that Defendants had no legal right to issue a levy against Plaintiff's financial account, and Defendants intentionally and improperly caused the levy to be executed on Plaintiff's account. ECF No. [1-2]. Plaintiff refers to the Judgment and the Notice of Levy in the Complaint. *See* ECF No. [1-2] ¶¶ 14, 15. The basis for issuing the Notice of Levy — the Order After Hearing and Judgment — and the execution of the Notice of Levy form the very basis of Plaintiff's negligence claim. Thus, the Order After Hearing, ECF No. [7-2], the Notice of Levy, ECF No. [7-3], and the Judgment, ECF No. [7-4], are central to Plaintiff's claims. The Court considers those documents to determine whether Plaintiff has stated a plausible negligence claim. *See Brooks*, 116 F.3d at 1369.

### B.  Failure to State a Claim

Defendants argue Plaintiff fails to allege facts to establish the elements of a negligence claim under Florida law. ECF No. [7] at 5. Defendants assert Plaintiff did not sufficiently allege Defendants owed Plaintiff a legally cognizable duty because Defendants were authorized to issue a levy against Jeffrey Sweeney's accounts, including his company accounts. *Id.* Defendants reference the Order After Hearing, which notes Jeffrey Sweeney is a "66% shareholder" in "his business US Capital" and states that Jeffrey Sweeney has the ability to pay the fees with "cash in his various business accounts." *Id.* at 7. Even if the Court finds Defendants owed Plaintiff a duty, Defendants did not breach that duty because the Notice of Levy was properly executed against accounts in which Jeffrey Sweeney's company is an account holder because the Santa Barbara Superior Court of California found that Jeffrey Sweeney has an ownership interest in "US Capital." *Id.* Defendants further argue that Plaintiff's claim that Defendants' acts proximately caused damage is "boilerplate" language that is factually and legally deficient. *Id.* at 8. Furthermore, Plaintiff fails to allege cognizable damages because its claim for $5,000,000.00 in reputational harm is speculative. *Id.*

Plaintiff responds that the Complaint sufficiently pleads each element of negligence. ECF No. [10]. Plaintiff established that Defendants had a duty because there was a foreseeable zone of risk posing a general threat of harm to others, and Defendants failed to act to reduce the risk of harm. *Id.* at 3. Plaintiff alleges Defendants' actions exist within that zone of foreseeable risk because Defendants knew Plaintiff was not the judgment debtor and issuing the Notice of Levy would freeze Plaintiff's accounts, causing damage to Plaintiff. *Id.* Defendants breached that duty because they issued the Notice of Levy against Plaintiff's bank account knowing Plaintiff had no obligation to pay the underlying Judgment. *Id.* at 4. Plaintiff further argues it established that

6

Defendants' conduct was a substantial factor causing Plaintiff's injury, the damages requested are recoverable under Florida law, and the amount of damages does not need to be pled with "mathematical precision" at the pleading stage. *Id.* at 4-5.

Under Florida law, a negligence claim has four elements: "a duty, breach of that duty, causation, and damages." *Virgilio v. Ryland, Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) (citing *Curd v. Mosaic Fertilizer, LLC*, 39 So.3d 1216, 1227 (Fla. 2010)). As to duty, "[u]nder Florida law, the question of whether a duty is owed is linked to the concept of foreseeability. We have held that duties may arise from four general sources: (1) legislative enactments or administrative regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of a case." *Curd*, 39 So.3d at 1227-28 (internal citations omitted). "Establishing the existence of a duty under Florida's negligence law is a minimum threshold legal requirement that opens the courthouse doors, and is ultimately a question of law for the court rather than a jury." *Virgilio*, 680 F.3d at 1339 (quoting *Williams v. Davis*, 974 So.2d 1052, 1057 n.2 (Fla. 2007) (internal quotation marks and alterations omitted)).

Here, Plaintiff does not argue that any statute, regulation, or judicial precedent establishes Defendants' duty.[2] Instead, Plaintiff argues that Defendants had a duty to Plaintiff based on the foreseeability that Defendants issuing the Notice of Levy to include a non-judgment debtor's account would cause Plaintiff harm. ECF No. [10]. However, Plaintiff's Complaint does not

---

[2] In the Complaint, Plaintiff references the California "rules of ethics that govern the practice of law." *See* ECF No. [1-2] ¶ 24. Plaintiff states Defendants' conduct violates those rules when Defendants intentionally engaged in conduct with the intent to damage a non-party to an adversarial proceeding. *Id.* Florida law recognizes that violations of attorney rules of professional conduct can support a claim of legal malpractice. *See Greenwald v. Eisinger, Brown, Lewis 5 Frankel, P.A.*, No. 3D12-1181, 2013 WL 3455600, at *2 (Fla. 3d DCA July 10, 2013) ("[A] violation of the Code of Professional Responsibility does not prove negligence *per se*, . . . but it may be used as some evidence of negligence.") (international quotation and citation omitted). Plaintiff does not assert a legal malpractice claim nor could it because Plaintiff was not a client of any of the Defendants nor does the Complaint assert all Defendants are lawyers.

establish facts to support that allegation. The Notice of Levy identifies Jeffrey Sweeney as the judgment debtor and identifies the property to be levied upon as "[a]ll bank accounts [in name of] Jeffrey Sweeney and/or all bank accounts to which Jeffrey Sweeney is an authorized owner or signator, including: Banc of California acct ending in nos. 0206, 0879, 2983, 3828, 7328, 7786, 8448, 8842, and 8679." ECF No. [7-3]. By its plain language, the Notice of Levy was issued to apply to accounts in Jeffrey Sweeney's name and/or ownership. Plaintiff's Complaint does not establish facts to indicate any relationship between Plaintiff and Jeffrey Sweeney[3] or to identify which listed account belongs to Plaintiff. *See generally* ECF No. [1-2]. Without additional information to explain how the language of the Notice of Levy led to the unjustified levy of Plaintiff's account, Plaintiff has failed to sufficiently plead that the freezing of Plaintiff's account was a foreseeable result of issuing the Notice of Levy. Plaintiff has failed to sufficiently allege Defendants' duty because Plaintiff's allegations, without further factual development, do not rise above mere speculation. *Twombly*, 550 U.S. at 555. Because the facts are not sufficient to establish a duty, Plaintiff cannot state a claim of negligence. Although Plaintiff may be able to allege sufficient facts in an amended complaint, the Court does not grant Plaintiff leave to amend because Plaintiff's claim is barred under Florida's litigation privilege.

### C. Litigation Privilege

Defendants argue they are immune from suit under Florida's litigation privilege. ECF No. [7] at 9. Defendants contend the privilege applies because, in the course of judicial proceedings,

---

[3] The Order After Hearing indicates that Jeffrey Sweeney is a "66% shareholder" in "his business US Capital." ECF No. [7-2]. Defendants argue this demonstrates that the Judgment authorized Defendants to levy Jeffrey Sweeney's business accounts to the extent of his ownership interest. ECF No. [7] at 5-7. Plaintiff responds that "US Capital" is a distinct entity from Plaintiff, and Plaintiff had no opportunity to protect its interests in the Dissolution Action. ECF No. [10] at 7. Construing all facts in Plaintiff's favor, the Court does not conclude that US Capital refers to Plaintiff. However, the Complaint still fails to allege facts regarding what relationship, if any, exists between Plaintiff and Jeffrey Sweeney.

they executed a levy to collect on a judgment against an account whose owner is the judgment debtor. ECF No. [7] at 9. Plaintiff responds that the litigation privilege only applies when the actions are legally authorized. ECF No. [10] at 6. The privilege does not apply in this case because the company "US Capital" referred to in the Judgment is not the same entity as Plaintiff, and that as a third-party to the underlying litigation, it did not have the opportunity to protect its interests in the proceeding. *Id.* at 7. Defendants reply that Plaintiff's Certificate of Interested Parties and Corporate Disclosure Statements identify that "U.S. Capital Global Investment Management LLC is wholly owned by U.S. Capital Global Holdings, Inc." ECF No. [17] at 1 n.1 (citing ECF No. [15]).

Under Florida law, the litigation privilege provides absolute immunity for acts occurring during judicial proceedings if the act is related to the proceeding. *Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250, 1274-75 (11th Cir. 2004); *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So.2d 606, 608 (Fla. 1994) ("[A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior[,] so long as the act has some relation to the legal proceeding."). The privilege initially developed to protect litigants and attorneys from liability for acts of defamation but has since been extended to cover all acts related to and occurring within judicial proceedings. *Id.* at 1274-75 (citing *Levin*, 639 So.2d at 607-08); *see also Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 384 (Fla. 2007) (holding Florida law provides complete judicial immunity "to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding.").

Federal courts may apply Florida's litigation privilege to state-law claims adjudicated in federal court. *Zucker for BankUnited Fin. Corp. v. U.S. Specialty Ins. Co.*, 856 F.3d 1343, 1349

(11th Cir. 2017). Determining whether the litigation privilege applies is a question of law, and determining its application during early stages of litigation furthers the policy underlying the privilege. *See AGM Investors, LLC v. Business Law Group*, 219 So.3d 920, 926-97 (Fla. 2d DCA 2017). The litigation privilege "may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Jackson*, 372 F.3d at 1277 (internal quotations and citations omitted).

The Florida Supreme Court has held that the litigation privilege grants absolute immunity "immediately upon the doing of any act required or permitted by law in the due course of the judicial proceedings." *Fridovich v. Fridovich*, 598 So.2d 65, 66 (Fla. 1992) (quoting *Ange v. State*, 123 So. 916, 917 (1929)). Courts have applied the litigation privilege to cases involving the issuance of writs to execute money judgments entered during judicial proceedings. *See, e.g.*, *LatAm Investments, LLC v. Holland & Knight,* LLP, 88 So.3d 240, 242 (Fla. 3d DCA 2011) (applying the litigation privilege to post-judgment actions of issuing subpoenas and writs of garnishment to execute a partial final judgment); *Connor v. Midland Credit Mgmt., Inc.*, No. 18-23023-CIV, 2019 WL 13062664, at *9 (S.D. Fla. Oct. 24, 2019) (holding the litigation privilege bars a claim regarding filing a writ of garnishment of plaintiff's wages because the filing occurred during the course of judicial proceedings in state court); *Macedo v. LVNV Funding LLC*, No. 16-cv-46-FtM-38MRM, 2016 WL 2944047, at *2-3 (M.D. Fla. May 2, 2016) (same).

Here, Plaintiff's claim of negligence under Florida law is based on Defendants' issuance of a Notice of Levy to execute the Judgment issued by the Santa Barbara Superior Court of California during a marital dissolution action.[4] The Notice of Levy, by its title, is a "Notice of

---

[4] Defendants cite to cases applying California's litigation privilege. *See* ECF No. [7] at 10-11. However, Plaintiff brought its claim under Florida law, so Florida's litigation privilege applies. *See Jackson*, 372 F.3d at 1274-75. Neither party argues that the litigation privilege does not apply when the underlying judicial proceeding occurs in another state. This Court sees no reason to limit the litigation privilege to only Florida-

Levy Under Writ of Execution (Money Judgment)." *See* ECF No. [7-3]. Issuing a writ of execution on a money judgment is directly analogous to the post-judgment issuance of writs of garnishment held to be privileged in Florida. *See LatAm Investments*, 88 So.3d at 242. Issuing a Writ of Execution against Jeffrey Sweeney, the judgment debtor, is expressly authorized pursuant to a judicial proceeding under both Florida and California law. *See* Fla. Stat. § 77.01; Cal. Civ. Proc. Code § 699.510. Thus, executing a Notice of Levy to enforce the Judgment is protected by the litigation privilege as an "act permitted by law in the due course of the judicial proceedings." *See Fridovich*, 598 So.2d at 66.

Construing all facts in Plaintiff's favor, the Court does not find that the Order After Hearing authorized Defendants to issue the Notice of Levy against Plaintiff. However, Plaintiff's argument that the litigation privilege does not apply because Plaintiff is a non-party to the underlying lawsuit is unavailing. The Florida Supreme Court outlined its reasoning for adopting the litigation privilege:

> [A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding. The rationale behind the immunity afforded to defamatory statements is equally applicable to other misconduct occurring during the course of a judicial proceeding. Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.

*Levin*, 639 So.2d at 608. The Florida Supreme Court instructs that the privilege protects those litigating a case, not those who may be impacted by the actions taken. Defendants issued a Notice

---

based litigation when the litigation privilege applies broadly and "was designed to promote effective advocacy by minimizing the threat of legal backlash from actions taken during judicial proceedings." *LatAm Invs., LLC v. Holland & Knight, LLP*, 88 So.3d at 244. *See also Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 384 (Fla. 2007) (extending application of the litigation privilege noting "[t]he nature of the underlying dispute simply does not matter.").

Case No. 26-cv-20447-BLOOM/Elfenbein

of Levy that, by its language, sought to satisfy the money Judgment by levying the judgment debtor's financial accounts. Applying the litigation privilege to bar Plaintiff's claim serves the purpose of the privilege. Allowing the claim to proceed would require Defendants to "defend their actions in a subsequent civil action for misconduct," which *Levin* expressly sought to avoid. *Id.*

Plaintiff's reliance on *Bothman v. Harrington*, 458 So.2d 1163 (Fla. 3d DCA 1984), *AGM Investors, LLC v. Business Law Group*, 219 So.3d 920, 926-97 (Fla. 2d DCA 2017), and *Grippa v. Rubin*, 133 F.4th 1186 (11th Cir. 2025) is misplaced. Plaintiff cites to *Bothman*, which did not apply the litigation privilege to a wrongful filing of a *lis pendens* during a proceeding, to argue that *Bothman*'s distinction "between an improper filing in a procedural sense, and a wrongful filing in a substantive sense" supports a claim of negligence in this case. *See* ECF No. [10] at 6-7; *Bothman*, 458 So.2d at 1168. However, *Bothman* was decided prior to the Florida Supreme Court's ruling in *Levin* that broadened the litigation privilege to *any act* related to the proceeding. Neither *Levin* nor subsequent cases have distinguished between acts that are procedural or substantive when applying the litigation privilege. Moreover, *Bothman* points out that "[i]f property is involved in litigation and a *lis pendens* is filed against that property pursuant to the litigation, the filing party is protected by the absolute privilege granted participants in judicial proceedings." *Id.* at 1168 n.5 (internal citation omitted). As such, *Bothman* does not support Plaintiff's argument.

Plaintiff cites *AGM Investors* to argue that courts are reluctant to apply the litigation privilege when the alleged misconduct is directed at a third party. *See* ECF No. [10] at 7. *AGM Investors* involved a third-party's claim against a law firm and its lawyers for tortious conduct relating to the filing of property liens. *AGM Investors*, 219 So.3d at 920. The court in *AGM Investors* opined on the litigation privilege and assessed its application based on whether the filing of a lien was a necessary preliminary action for future proceedings. *Id.* at 924-96. The discussion

12

regarding third parties concerned whether a law firm's filing of a lien occurred after it withdrew from representing its client and whether it acted outside the scope of its representation to be considered related to potential future legal proceedings. *Id.* at 926. Here, in contrast, issuing the levy was a post-judgment act related to the Dissolution Action and there is no allegation that Defendants issued the Notice of Levy outside the scope of their representation of Maria Sweeney. Therefore, *AGM Investors* is inapposite to this case.

Plaintiff relies on the Eleventh Circuit's recent opinion in *Grippa* to argue there are limitations to the litigation privilege, and it should be assessed at the motion to dismiss stage only in exceptional circumstances. ECF No. [10] at 8 n.1. However, *Grippa* discussed both the absolute privilege, which is immunity from suit, and the qualified privilege, which is a defense from liability. *Grippa*, 133 F.4th at 1199. The immunity from suit "can be enjoyed only if vindicated prior to trial." *Id.* (internal citation omitted). In contrast, the qualified privilege is an available defense and may be applied at the motion to dismiss stage in "exceptional cases." *Id. Grippa* assessed absolute privilege and determined it was not applicable to the conduct in that case because the lawyer acted outside of the judicial proceeding "by sending his complaint to uninvolved third parties with the hopes of launching a new investigation and stifling an ongoing one." *Id.* at 1197-98. Here, the post-judgment issuance of a Notice of Levy enjoys the absolute privilege from suit. *See LatAm Investments*, 88 So.3d at 242. Therefore, *Grippa* does not support Plaintiff's argument.

Based on the allegations in the Complaint, Plaintiff's claim seeks to hold Defendants liable for the issuance of a Notice of Levy pertaining to the Judgment entered in the Dissolution Action. Because the issuance of the Notice of Levy was authorized by law and related to the underlying proceedings, Florida's litigation privilege applies to extend absolutely immunity from suit to

Defendants' conduct. Thus, the litigation privilege bars Plaintiff's negligence claim under Florida law.[5]

### D. Leave to Amend

In its Response, Plaintiff requests leave to amend its Complaint. *See* ECF No. [10] at 9. "A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). Even if a plaintiff requests leave to amend in a response, the Eleventh Circuit has held that this request "possesse[s] no legal effect." *See Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018). The court is "free to dismiss [Plaintiffs'] complaint with prejudice" on that basis alone without determining whether further amendment is futile, unless dismissal is based on shotgun pleading grounds. *See Pop v. LuliFama.com, LLC*, 145 F.4th 1284, 1297-98 (11th Cir. 2025).

District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Where a court opts to undertake a futility analysis, the law of this circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir.

---

[5] To the extent there was any misconduct by Defendants, *Levin* makes clear there are other avenues to obtain a remedy for barred claims, including sanctions in the underlying proceeding, bar association investigations, and criminal prosecution. *See Levin*, 639 So.2d at 608-09.

1999). A futility analysis operates in substantially the same way as an analysis of a motion to dismiss. That is, if an amended complaint would still be "properly dismissed or be immediately subject to summary judgment for the defendant," a district court could determine that leave to amend the complaint is futile. *Rivas v. Bank of N.Y. Mellon*, 777 F. App'x 958, 965 (11th Cir. 2019) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)); *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment is futile if the cause of action asserted therein could not withstand motion to dismiss); *Amick v. BM & KM, Inc.*, 275 F. Supp.2d 1378, 1381 (N.D. Ga. 2003) ("In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss.").

Here, the allegations in Plaintiff's Complaint arise from Defendants issuing a Notice of Levy to execute the Judgment entered by the Santa Barbara Superior Court of California. For the reasons explained above, Florida's litigation privilege extends absolute immunity from suit to that act. Plaintiff's Complaint does not allege Defendants committed any acts outside of those connected to the Dissolution Action.[6] Moreover, Plaintiff alleges its injury is the result of the issuance of the Notice of Levy. *See generally* ECF No. [1-2]. Amending the Complaint to allege further facts regarding the Notice of Levy will be insufficient to avoid Florida's litigation privilege because any claim premised on the the post-judgment issuance of a writ of execution is granted absolute immunity from suit. *See LatAm Investments*, 88 So.3d at 242. As such, any amendment would be futile. Accordingly, Plaintiff's Complaint is dismissed with prejudice. *See LatAm*

---

[6] The Complaint alleges that Defendants "developed a scheme to harass Jeffrey Sweeney, as part of the firm's published strategy to force a settlement in favor of Defendant Maria Sweeney and to the detriment of Jeffrey Sweeney" and that Defendants "force[d] [Jeffrey Sweeney's] capitulation to their self-serving property characterizations and valuations, and force[d] and unwarranted settlement of the marital dispute." ECF No. [1-2] ¶¶ 12-13. Assuming those allegations are true, Plaintiff does not have standing to assert claims on behalf of Jeffrey Sweeney.

*Investments*, 88 So.3d at 245 (finding no error when the trial court dismissed the complaint with prejudice on litigation privilege grounds before plaintiff conducted discovery). Because the Complaint is dismissed with prejudice, Plaintiff's Motion to Strike Prayer for Attorney's Fees is denied as moot.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss, **ECF No. [7]**, is **GRANTED**.

2. Plaintiff's Complaint, **ECF No. [1-2]**, is **DISMISSED WITH PREJUDICE**.

3. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 19, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

16